## COOK ORGANIZATION, INC. v. NIGHTINGALE, Extrx., etc.
## COOK v. NIGHTINGALE, Extrx., etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8876, 8877. Decided Oct. 29, 1928.

(Justice, J., of the 3rd Dist., and Mauck, J., of the 4th Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

**DEBTOR & CREDITOR.**

(210 P) Proof that check was issued and cashed, not sufficient to make case of money loaned. Without other evidence, it would be presumed that check was in payment of debt. Plaintiff bound to show, by greater probabilities of case, that it was a loan. This may be done by showing attendant circumstances from which loan may be inferred.

M. W. Vickery, Cleveland, for Cook Organization.

White, Hammond, Brewer & Curtiss, Cleveland, for Nightingale, Extrx.

HISTORY:—Two actions in Municipal Court by Nightingale against Cook Organization, Inc., and Wilbert L. Cook, respectively. Judgment for Nightingale. Cook brings error. Both judgments affirmed. No action in Supreme Court prior to publication date.

## STATEMENT OF FACTS.

Edith F. Nightingale as executrix of her deceased husband, Charles Nightingale, brought two action in the Municipal Court for the recovery of money claimed to be owing to the estate, for money loaned and for services rendered. She asserted identical claims against the corporation and against Mr. Cook personally. She recovered a judgment against the corporation for part of the money claimed to have been loaned and against Cook for another part claimed to have been loaned. It is now sought to reverse both these judgments.

MAUCK, J.

So far as the judgment against the corporation is concerned the proceeding may be disposed of with a word. The undisputed testimony showed the corporation liable on that count and that judgment is affirmed.

The judgment against Cook presents more difficulty. The plaintiff showed the issuance of a check to Cook and that the latter cashed the check. It may be conceded that this was not sufficient to make a case of money loaned. Without other evidence it would be presumed that the check was in payment of a debt and not to make a loan. Jones on Evidence, Section 234. It established the payment of the money but not the purpose of the payment. The plaintiff was bound to show by the greater probabilities of the case that it was a loan. This she might do by showing the attendant circumstances from which might be inferred that it was a loan. The trial judge had a right to consider the relation of the parties, whether the decedent had available funds to loan, whether Cook needed the money, whether in view of their relations a loan might be made without being evidenced by a note and any other incidents that would enable one to infer that the transaction constituted a loan or did not.

To maintain her case the plaintiff placed the defendant on the stand for cross-examination. He admitted the receipt of the money and attempted to show that it was received in satisfaction of an indebtedness owing him by Nightingale. Thereupon the plaintiff showed to the satisfaction of the trial judge that Cook was wrong and that his explanation of the purposes and nature of the transaction was untrue. The plaintiff in error admits that the trial judge might have found that Cook's story was untrue but claims that even though it be found to be false that it could not help the plaintiff. The argument is that if Cook failed to show that the money received by him was not in payment of an obligation owing him, still it does not help the plaintiff because it does not tend to prove a loan. Reliance is placed upon Kazdan v. Stein, 118 OS. —. That case is not, however, decisive of this.

In the case at bar there was undisputed evidence that Cook had received the money from Nightingale. The defendant sought to show that he received the money as payment for an indebtedness owed by Nightingale and in effect said that the decedent owed him on an indebtedness arising in a particular way or did not owe him at all. Thereupon the plaintiff showed to the satisfaction of the trial judge that no indebtedness could have arisen in the way claimed. This wholly destroyed the defendant's contention that Nightingale owed the defendant. Thereupon the trial judge having eliminated the possibility of the transaction being the satisfaction of an old debt draws from all the circumstances the conclusion that it was the creation of a new debt running from Cook to Nightingale. This he finds not because Cook's testimony was discredited, but because the whole testimony shows that Cook's theory is impossible and being impossible that the only inference to be drawn from the situation is that Cook borrowed and Nightingale loaned the money in question. We hold that the trial judge was warranted in his conclusion.

A like case is reported in New York. Nay v. Curley, 113 NY. 575, 577.

The other assignments of error, in our view of the case, do not require detailed discussion.

The judgment against Cook personally is also affirmed.

(Justice, J., concurs.)